TOLMAN WILLEY *vs.* ELEAZER FREDERICKS & another.

One who has contracted to build the sea-wall of a wharf, and failed to perform his contract, and, on being requested to rebuild it, promised to do so, and thereby induced the other party to delay rebuilding it himself, is liable for the loss of rent of the wharf occasioned by his own negligence.

ACTION OF CONTRACT to recover the expense of rebuilding the sea-wall of a wharf, which the defendants had undertaken to build, and had not built according to agreement.

At the trial in the superior court of Suffolk at January term 1857, the plaintiff offered evidence that " the defendants had not fulfilled their contract, and on several occasions between the 1st of January and the 1st of October 1855 had acknowledged that the sea-wall was not built according to their contract, and promised to rebuild it, but had neglected to do so ; that the plaintiff informed the defendants that, unless they rebuilt the wall, he should do it at their expense ; and that he rebuilt the wall in October and November 1855, at an actual expense of $712; that the fair annual rent of the wharf was $750 ; and that between January and October 1855 portions of the wall continued to fall, and gravel and filling to wash away."

*Huntington,* J. instructed the jury " that the plaintiff could only recover for such injuries as were the necessary, proximate and immediate consequence of the act complained of; and that the plaintiff would be bound to proceed to rebuild in a reasonable time, having regard to the season of the year and the nature of the work and all the attendant facts and circumstances; but that, inasmuch as there was evidence in the case tending to show that from the 1st of January 1855 to the time when he pro-ceeded to rebuild he had from time to time, week to week, or very often, requested the defendants to repair the wall, and the defendants had as often promised they would; if the plaintiff was induced to delay, relying on these promises and undertak-ings, and it was through the defendants' fault that he did not rebuild, he might, in addition to the cost of rebuilding, recover for the loss of the use of the wharf, so far as it was the necessary and immediate consequence of the breach of duty by the defendants, for such period as he was induced to delay rebuilding by the promises, and neglect to fulfil such promises, on the part of the defendants; and the conduct and promises of the defendants were competent evidence to be weighed by the jury on the question of reasonable time."

The jury returned a verdict for the plaintiff for the sum of $1462, and the defendants alleged exceptions.

*I. W. Richardson & G. H. Kingsbury,* for the defendants. In the absence of any promise or undertaking on the part of the defendants to repair or rebuild the wharf, it would have been the duty of the plaintiff himself to repair it within a reasonable time after he found it defective; and he could have recovered of the defendants only such damages as, with reasonable en-deavor and expense, he could not have prevented. *Loker* v. *Damon,* 17 Pick. 284. *Miller* v. *Mariner's Church,* 7 Greenl. 51. 2 Greenl. Ev. § 260. If by the defendants' promises to repair the wharf the plaintiff was induced to delay doing it himself, the defendants were liable for the increased expense of repair-ing, caused by such delay, it being the natural, proximate result of their own fault; but they were not liable for the loss of ren*t,* because that depended on the plaintiff's contracts and

engagements with other parties, and was a remote and specu-
lative matter, depending on contingencies beyond the control
of the defendants, and not contemplated by the terms of the
contract. *Fox* v. *Harding*, 7 Cush. 516. *Waite* v. *Gilbert*, 10
Cush. 177. *Thompson* v. *Shattuck*, 2 Met. 615. *Blanchard* v.
*Ely*, 21 Wend. 342. *Freeman* v. *Clute*, 3 Barb. 424. Sedgwick
on Damages, (2d ed.) 37, 38.

*H. F. Durant*, for the plaintiff, cited *Fox* v. *Harding*, 7 Cush.
516; *Dickinson* v. *Boyle*, 17 Pick. 78; *The Narragansett*, 1
Blatchf. C. C. 211; *Clifford* v. *Richardson*, 18 Verm. 620;
*Freeman* v. *Clute*, 3 Barb. 424; *Davis* v. *Talcott*, 14 Barb. 611;
*Green* v. *Mann*, 11 Ill. 613; Sedgwick on Damages, 63; *Sew-
all's Falls Bridge* v. *Fisk*, 3 Foster, 171; *Waters* v. *Towers*, 8
Exch. 401; *Wilson* v. *York, Newcastle & Berwick Railway*, 18
Eng. Law & Eq. R. 557, note.

THOMAS, J. The exceptions are now confined to a single
point, the right of the plaintiff to recover damages for the loss
of the use of the land. The case finds that the sea-wall or
wharf was not built according to the contract; that it was defec-
tive; and that the defendants promised to rebuild it. The or-
dinary rule undoubtedly is, that the plaintiff must repair or re-
build the defective wall within a reasonable time, and that the
expense of such repair or reconstruction, and the loss of the
use of the land for such reasonable time would be the measure
of damages. What was a reasonable time was to be deter-
mined in view of all the facts in the case. One material fact
was that the defendants, admitting their failure to fulfil their
contract, promised to rebuild, and the plaintiff relying, as he
well might, upon such promises, delayed himself the rebuilding
of the wall. The question was, whether the delay caused by
the promises of the defendants, and their failure to keep them,
could enter into the consideration of what was reasonable time.
The presiding judge in the court below instructed the jury that
they might take them into consideration. We think he was
clearly right. Upon notice to the defendants of the defects in
the structure of the wall, and the promise of the defendants to
rebuild, the plaintiff might well wait and give the defendants

the opportunity to perform their promise; and the delay so caused was as truly reasonable as that occasioned by the state of the season or other physical cause. Damages for the loss of the use of the land during such time are not remote, speculative or contingent, but the direct and immediate consequence of the defendants' failure to perform their contract and duty. The instructions to the jury were good law and good sense, clearly and accurately stated.  *Exceptions overruled.*